[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15933
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2012
JOHN LEY
CLERK

Agency No. A088-824-266

ZACHARY MICHUKI NJOROGE,
LUCY WAIRIMU MICHUKI,

Petitioners,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 11, 2012)

Before EDMONDSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Zachary Njoroge,[1] a native and citizen of Kenya, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied asylum and withholding of removal.[2] No reversible error has been shown; we deny the petition.

We review the IJ's and the BIA's decisions in this case because the BIA agreed with the IJ's reasoning. See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009) (explaining that when the BIA agrees with a finding of the IJ, we review both decisions). We review legal determinations de novo. Id. And we review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We "view the record evidence in the light most favorable to the . . . decision and draw all reasonable inferences in favor of that decision." Id. at 1027. To reverse a fact determination, we must conclude "that the record not only

---

[1]Njoroge's asylum application also sought derivative relief for his wife, Lucy Michuki, who is listed as a petitioner in this appeal.

[2]The IJ also denied relief under the Convention Against Torture. We will not address this claim, however, because Njoroge failed to challenge this denial in his appeal to the BIA -- and, thus, failed to exhaust his administrative remedies -- and fails to raise the issue on appeal. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion and membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

Njoroge sought relief based on his political opinion and his membership in a particular social group.[3] Njoroge contended that he owned several properties in Kenya and that it was known in the community that he was a wealthy landowner. He alleged that he was first approached for money by the Mungiki -- a Kenyan anti-government guerilla group -- in 1982 and that he refused to make a monetary contribution to their organization. Then, between 1990 and 2005, Njoroge received several harassing phone calls and threatening letters from the Mungiki demanding money. Because he refused to cooperate, the Mungiki allegedly

---

[3]On appeal, Njoroge does not challenge the IJ's and the BIA's denial of relief based on his membership in a particular social group. Thus, that issue is deemed abandoned. See Sepulveda, 401 F.3d at 1228 n.2.

3

burglarized his home and vandalized his property on several occasions, including killing and stealing his livestock, destroying his crops, and burning down his place of business. In 2006, after a neighbor was killed, Njoroge and his wife fled to the United States.

The IJ determined that the Mungiki was a criminal organization that targeted Njoroge because of his wealth, not because of a statutorily protected ground. As a result, the IJ concluded that Njoroge was ineligible for asylum or withholding of removal. The BIA agreed with the IJ's assessment that Njoroge failed to demonstrate a nexus between his political opinion and the alleged past or future persecution by the Mungiki.

An alien who alleges persecution by a guerilla group on account of his political opinion "must establish that the guerillas persecuted [him] or will seek to persecute [him] in the future because of [his] actual or imputed political opinion." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). "[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006). Moreover, "the mere existence of a generalized 'political' motive underlying the guerrillas' [activities] is inadequate to establish . . . the proposition that [the

4

petitioner] fears persecution <u>on account of</u> political opinion." <u>I.N.S. v. Elias-Zacarias</u>, 112 S.Ct. 812, 816 (1992). Thus, merely alluding to the guerilla movement's possible political motives is insufficient to satisfy a petitioner's burden. <u>See id.</u>

After review, we conclude that substantial evidence supports the IJ's and the BIA's decisions that Njoroge failed to demonstrate past persecution or a well-founded fear of future persecution on account of his political opinion; and we are not compelled to reverse the decision. Nothing evidences that the events that Njoroge experienced -- including threatening phone calls and letters and vandalism to his home and business -- were based on his actual or imputed political opinion. First, Njoroge is not a member of a political party and testified that he supports whatever government is in power. To the extent that the Mungiki had a political agenda with which Njoroge disagreed, that alone is insufficient to establish eligibility for asylum. <u>See Elias-Zacarias</u>, 112 S.Ct. at 816. Moreover, the testimony of Njoroge and Njoroge's own expert witness establishes that the Mungiki is a criminal organization -- known for extortion -- that targeted Njoroge because of his wealth and because he refused to comply with its monetary demands. And it is well-established that neither being the victim of extortion nor being targeted for refusing to cooperate with a criminal organization constitute viable grounds for asylum relief. <u>See Ruiz</u>, 440 F.3d at 1258.

Substantial evidence supports the IJ's and the BIA's decisions that Njoroge was unentitled to asylum; and we are not compelled to reverse the decisions. Njoroge's failure to establish eligibility for asylum forecloses his eligibility for withholding of removal.  See Forgue, 401 F.3d at 1288 n.4.

PETITION DENIED.